UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERNON COLEMAN,

    Plaintiff,

v.

VICTORIA A. ROBERTS,

    Defendant.

Case No. 19-13448
Honorable Laurie J. Michelson

---

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [2]
AND SUMMARILY DISMISSING THE COMPLAINT [1]**

---

On July 10, 2018, Vernon Coleman was arrested and detained at Detroit Metropolitan Airport. (ECF No. 1, PageID.1.) He has filed numerous lawsuits arising out of that arrest. Indeed, District Judge Victoria A. Roberts, to whom many of the cases have been assigned, counted at least nine. And more than one has been summarily dismissed. As a result, after granting defendants' motion to dismiss in another of those cases, Judge Roberts entered an order enjoining and restraining Coleman "from filing in the United States District Court for the Eastern District of Michigan any new lawsuit against any party relating in any way to his arrest at the Detroit Metropolitan Airport, without first making a written request for and receiving a court order from the Presiding Judge." *Coleman v. Detroit Metropolitan Airport, et. al*, No. 19-11552 (E.D. Mich. Nov. 18, 2019) (order enjoining plaintiff from filing further complaints without first seeking leave).

Rather than appeal this dismissal ruling and injunction, which would have been the proper recourse, Coleman filed a separate lawsuit against Judge Roberts. (ECF No. 1.) He alleges that Judge Roberts improperly dismissed the lawsuit against the airport pursuant to *Heck v. Humphrey*

and that her entry of the injunction is unlawful because it is not supported by the record or the law. (ECF No. 1, PageID.2-3.) He also complains about the airport case being reassigned to Judge Roberts as a companion case. (ECF No. 1, PageID.4.) So he seeks to vacate both the injunction and the reassignment. (ECF No.1, PageID.5.)[1]

He also seeks to proceed *in forma pauperis*. (ECF No. 2.) Under 28 U.S.C. § 1915(a)(1), the Court may waive a person's filing fees if he shows that he is "unable to pay such fees." Coleman is presently incarcerated and reports minimal income and no assets. (ECF No. 2.) The Court therefore finds that Coleman is unable to pay the required filing fee.

But in cases where a plaintiff has been permitted to proceed *in forma pauperis*, the Court must screen the Complaint. And "the court shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An IFP complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And dismissal of the case is appropriate where "the claim is based on an indisputably meritless legal theory[.]" *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir.1998).

There is no legal or factual basis for the lawsuit against Judge Roberts. "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). "[J]udicial immunity is immunity not just from the ultimate assessment of damages but is

---

[1] It appears that Coleman has requested mandamus relief from the Sixth Circuit on Judge Roberts' denial of his motion for recusal. *Coleman v. Detroit Metropolitan Airport, et. al*, No. 19-11552 (E.D. Mich. Oct. 7, 2019) (mandamus petition).

immunity from suit itself." *King v. McCree*, 573 F. App'x 430, 438 (6th Cir. 2014) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). Judicial immunity applies even to judicial acts performed maliciously, corruptly, in bad faith, or in error. *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). Indeed, there are only two exceptions to judicial immunity: a judge is not immune from suits for acts that are (1) not judicial in nature or (2) performed without jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001). Neither exception applies here.

Coleman's lawsuit challenges the merits of Judge Roberts' order of dismissal in the 19-11552 lawsuit, her entry of a permanent injunction against future filings, and the reassignment of the case from another judge. These are "paradigmatic judicial acts." *Brookings v. Clunk*, 389 F.3d 614, 618 (6th Cir. 2004). The Sixth Circuit has recognized that "acts that involve resolving disputes between parties who have invoked the jurisdiction of a court" are "the touchstone for application of judicial immunity." *Id*. Judge Roberts' rulings and entry of orders are also "function[s] normally performed by a judge" and the parties "dealt with the judge in [her] judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *King v. McCree*, 573 F. App'x 430 (6th Cir. 2014). It is equally clear that a United States District Judge has jurisdiction over Coleman's civil rights lawsuit alleging violations of his federal constitutional rights and has jurisdiction to enjoin a litigant from repeatedly filing claims that have been dismissed. Thus, Coleman's present lawsuit against Judge Roberts is barred by judicial immunity.

This Court's local rules, the Federal Rules of Civil Procedure, and the Federal Rules of Appellate Procedure set forth the proper procedures for a litigant wishing to challenge a judge's rulings. Suing the judge is not one of them. This lawsuit was also filed in contravention of the permanent injunction against Coleman. So for all of the reasons set forth, Coleman's application to proceed *in forma pauperis* is GRANTED and his complaint is hereby DISMISSED.

IT IS SO OREDERED.

Dated: December 5, 2019

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 5, 2019.

s/Erica Karhoff  
Case Manager to  
Honorable Laurie J. Michelson